the opinion of the court was delivered by
GibsoN, J.
By the act of the 29th of March, 1824, it is provided, that no auctioneer in either of the cities of Philadelphia or Pittsburg, shall, at the same time, have more than one house or auction store for the purpose of holding an auction; but that he shall designate his house or store by a writing, which is to be deposited with the recorder of deeds, in the proper city. It appears by the special verdict, that the defendant had designated his auction store, according to the provisions of the aet, but that he had .established another auction for the sale of household furniture, His case' is, therefore, clearly within the letter of the prohibition of the act. Does it fall within the letter or spirit of any of the exceptions? The law declares, that no auctioneer shall expose any dutiable goods to sale by auction, at any other place than the auction store, which he shall have designated agreeably to the provisions of the act, “except goods, wares, or merchandise, which shall be sold in the original package in which they were imported, goods of deceased persons, or of persons who are bona fide declining business, household furniture, and such bulky articles as have usually been sold at auction in warehouses, or in the public streets, or wharves at or near the place.” Now, what was the mischief intended to be remedied ? Under the laws then in force, it had been a practice with auctioneers tó introduce others into the business under their licenses, who would otherwise have had to pay for a license to the state; by which contrivance the revenue had been defrauded, and the object of the legislature in restraining the privilege of the license to a single house and store, was to cut up this practice by *216 the roots. But the act would not have the effect intended, if, under the pretence of an exception, the license should be held to au-thorise a separate establishment for the sale of furniture. What reason is there for a separate store for furniture, that does not equally hold in favour of a separate store for goods sold in the package, or for goods of deceased persons, or of those who are bona fide declining business, or for such bulky articles as have usually been sold by auctioneers in warehouses, or on the wharves, or in the public streets? For all these equally form exceptions.
If a separate establishment for the sale of furniture were allowed, so might a separate establishment for the sale of each of these articles; and thus, instead of one auction store, as the act directs, an auctioneer might, under one license, establish two, three, four, five, or six separate and unregistered auction stores; and by means of a colourable ownership of these, put into his pocket the price of just so many licenses, which would otherwise have gone into the coffers of the state. This is the very thing which it was the main object of the legislature to prevent; and with this main object, the subordinate objects, intended to be secured by the exceptions, must not be permitted to interfere; nor need they interfere. These exceptions were made on the basis of public convenience, as regulated by the practice and the laws as they then stood. By the first section of the “ act respecting auctions and auctioneers,” passed the 2d of Jlpril, 1822, auctioneers are expressly authorised to make sale of furniture at the house of the owner; and the exception in the act under consideration, was intended to prevent an inference, by implication, that this authority had been taken away.
It is therefore a sound construction of this part of the act, to say that it goes no further than the provision in the act of 1822; nor is there any reason why it should. But, say the counsel, the owner may not choose to have his furniture sold at his own house, as he may think it more eligible to send it to an auction mart, where it may naturally be expected to command a better price, on account of the concourse of buyers who usually attend at such places. Be it so. But then why not send it to the store which the auctioneer has. registered, on taking out his license ? The exception was intended to be for the benefit of those, who did not choose to send their furniture to any auction store; not for the benefit of the auctioneer. It is no answer to say, that his store may be constructed exclusively for the sale of other articles, and consequently be without the capacity of exhibiting furniture, with convenience or to advantage. If an auctioneer will have the benefit of a store for the sale of furniture, as well as of articles of another kind, it is his business to procure a building adapted to the purpose; and that he has not done so, furnishes no reason why he should be indulged with a separate establishment, at the risk of injury to the public. It is clear, then, that the defendant has violated the law; and it is as clear, that for this violation he is punishable by indictment. *217 Where an act is not an offence at the common law, but is made so by a statute, which contains a substantial prohibitory clause, it is punishable by indictment, even though a particular remedy be af-terwards pointed out. For these reasons, wc are of opinion, that the judgment of the court below be affirmed.
Judgment affirmed.